UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X

WILLIAM ZABIT and BRANDTRANSACT
WORLDWIDE, INC.,

                 Plaintiffs,

        -v-

BRANDOMETRY, LLC et al.,

                 Defendants.

----------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/2/2020__

20-CV-555 (JPC)

ORDER

JOHN P. CRONAN, United States District Judge:

On November 18, 2020, the Court ordered the parties to justify the continued sealing of any previously filed documents pursuant to the standard outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) by December 1, 2020. (Dkt. 134.) The Court is now in receipt of a letter from Defendants Brandlogic d/b/a Tenet Partners, CoreBrand Data Science, Tenet Partners, Hampton Bridwell, and James Gregory ("Defendants") purporting to justify the continued sealing of the "Confidential Documents" previously sealed by the Court on August 5, 2020 (Dkt. 93), before this case was reassigned to the undersigned. (Dkt. 135.) In support of their application to seal, Defendants contend that their "privacy interests" and the parties' "interest[]" in ensuring that the documents remain confidential, as evinced by their confidentiality agreements, are sufficient to outweigh the right of public access. (*Id.*) The Court is also in receipt of a letter from Plaintiffs, filed after the December 1, 2020 deadline, asking the Court "for the sake of consistency" to maintain certain documents under seal that they plan to submit in connection in with their opposition to the Motion to Dismiss, namely certain non-disclosure/confidentiality agreements involving LAM Associates and Toroso Investments. (Dkt. 136.)

Defendants' conclusory assertions are insufficient to justify sealing under *Lugosch*. Defendants have failed to provide any details on what "privacy interests" would be at risk if the documents are made public, leaving the Court unable to make the required "specific, on-the-record findings that sealing is necessary to preserve higher values." *Lugosch*, 435 F.3d at 124; *see also Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (concluding that it is legal error for the Court to fail to make specific findings regarding the need for sealing). And the parties' agreement to keep certain information confidential fares no better under *Lugosch*. *See Kia Song Tang v. Glocap Search LLC*, No. 14 Civ. 1108 (JMF), 2015 WL 1344788, at *7 (S.D.N.Y. Mar. 24, 2015) ("The mere fact that information is subject to a confidentiality agreement between litigants, however, is not a valid basis to overcome the presumption in favor of public access to judicial documents."); *Dandong v. Pinnacle Performance Ltd.*, 10 Civ. 8086 (JMF), 2012 WL 6217646, at *2 (S.D.N.Y. Dec. 3, 2012) ("The consent of the parties is not a valid basis to justify sealing, as the rights involved are the rights of the public." (internal quotation marks omitted)); *Vasquez v. City of N.Y.*, No. 10 Civ. 6277 (LBS), 2012 WL 4377774, at *3 (S.D.N.Y. Sept. 24, 2012) ("But there does not seem to be room in [the *Lugosch*] analysis to defer to the consent of the parties because the rights involved are the rights of the public.").

Plaintiffs' application to seal "for the sake of consistency" is also inadequate, as it utterly fails to justify sealing under *Lugosch*. Nor is Plaintiffs' application for sealing complete: Plaintiffs were directed to file the documents for which they are seeking sealing on ECF under seal, as required by the Court's Individual Rules and Practices in Civil Cases. (*See* Dkt. 134.) The Court specifically directed that "[i]f Plaintiffs are unable to file these documents under seal on ECF in this case, they should explain why in their application." (*Id.* at 2.) Plaintiffs have stated that they "will submit these documents for *in camera* review" but have failed to address why they are unable

to file the documents under seal on ECF.  (Dkt. 136 at 1.)

Accordingly, the parties' applications to seal are DENIED without prejudice.  The parties shall have until December 4, 2020 to supplement their submission with the necessary information that would allow the Court to assess whether sealing is warranted in this case.  Such information must provide specific reasons justifying sealing under *Lugosch* for each document at issue.  Absent further correspondence from Defendants by that date, the Court will unseal the "Confidential Documents" listed in Dkt. 93 that were actually filed in this case, as well as Defendants' Motions to Dismiss (Dkts. 101, 102), for which Defendants have provided no reasons to continue sealing, without further notice.  If Plaintiffs do not justify sealing by that date, they must file their opposition and associated exhibits on the docket by December 7, 2020.

SO ORDERED.

Dated: December 2, 2020
       New York, New York

_____
JOHN P. CRONAN
United States District Judge