UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                     :

WILLIAM ZABIT and BRANDTRANSACT      :
WORLDWIDE, INC.,                                 :
                                                           :            20-CV-555 (JPC)
                           Plaintiffs,                 :
                                                           :               ORDER
        -v-                                                  :

BRANDOMETRY, LLC et al.,                     :

                           Defendants.               :
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

      On August 7, 2020, Defendants Brandlogic d/b/a Tenet Partners, CoreBrand Data Science, Tenet Partners, and Hampton Bridwell (the "Tenet Defendants") and Defendant James Gregory (collectively with the "Tenet Defendants," "Defendants") filed motions to dismiss the Second Amended Complaint in the above-captioned case. (Dkts. 101, 102.) Defendants filed both motions, along with their accompanying memoranda of law, declarations, and exhibits, under seal in their entirety. Two days earlier, on August 5, 2020, the Honorable Jed S. Rakoff, to whom this case was previously assigned, had issued an Order granting permission for the Tenet Defendants to file three exhibits under seal, two of which were attached to both motions to dismiss (the "Documents"). (Dkt. 93.) The record does not reveal what showing the Tenet Defendants made before Judge Rakoff to justify the sealing. And importantly, Judge Rakoff's order made clear that "[t]he Court retains unfettered discretion whether or not to afford or extend confidential treatment of the Confidential Documents." (*Id.*)

      Defendants' motions to dismiss, and the materials attached to those motions, are judicial documents for which a presumption of access exists under clear Second Circuit precedent. *See*

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Accordingly, on November 18, 2020, the Court ordered the parties to justify the continued sealing of any previously filed documents pursuant to the standards outlined by the Second Circuit in *Lugosch* by December 1, 2020. (Dkt. 134.) On December 1, 2020, Defendants submitted a letter purporting to justify the continued sealing of the "Documents" pursuant to Judge Rakoff's August 5, 2020 Order. (Dkt. 135.) That letter, however, fell well short of meeting the standards in *Lugosch*. Other than contending that Judge Rakoff's August 5, 2020 Order was properly decided, generally referring to the "privacy interests" of the Tenet Defendants, and assuring "that all relevant parties were interested in ensuring confidentiality of the documents at issue," Defendants offered no justification for why the Court should seal the Documents, let alone a showing that would satisfy *Lugosch*. (*Id.*) Moreover, as noted above, the record does not reveal what showing was made before Judge Rakoff and if that showing warrants continued sealing under *Lugosch*. In addition, in their December 1, 2020 letter, Defendants did not even attempt to justify the sealing of the rest of the motion papers they filed under seal. (*Id.*) On December 2, 2020, Plaintiffs filed a letter asking the Court "for the sake of consistency" to maintain certain documents under seal that they planned to submit in connection with their Opposition to the Motion to Dismiss. (Dkt. 136.)

Later that day, on December 2, 2020, the Court denied both Defendants' and Plaintiffs' motions for sealing, finding that Defendants' conclusory assertions and Plaintiffs' motion to seal "for the sake of consistency" were insufficient to justify sealing under *Lugosch*. (Dkt. 137.) The Court nonetheless gave the parties yet another chance, granting them until December 4, 2020 to supplement their submissions to make a showing that would allow the Court to assess whether sealing is warranted. Plaintiffs promptly filed a letter clarifying that they did not in fact believe sealing of these documents was warranted and only sought to ensure uniform treatment of any

confidentiality agreements.  (Dkt. 138.)  Defendants have remained silent, declining to take the Court up on the opportunity to supplement their briefing.  After Defendants failed to submit any additional correspondence by the December 4, 2020 deadline, Plaintiffs promptly filed their Opposition to the Motion to Dismiss on the public docket.  (Dkts. 139, 140.)

Because Defendants have not justified the continued sealing of their motions to dismiss, despite being given ample time to do so and being invited by the Court to do so on two occasions, it is hereby ORDERED that Defendants Brandlogic d/b/a Tenet Partners, CoreBrand Data Science, Tenet Partners, and Hampton Bridwell's Motion to Dismiss the Second Amended Complaint, including all filed attachments (Dkt. 101), and Defendant James Gregory's Motion to Dismiss the Second Amended Complaint, including all filed attachments (Dkt. 102), are unsealed.  These filings include the Documents that were the subject of Judge Rakoff's August 5, 2020 Order.

It is further ORDERED that, in accordance with the Court's November 18, 2020 Order, Defendants shall have until January 5, 2021—thirty days from Plaintiffs' submission of their Opposition to the Motion to Dismiss—to file their Reply.  (Dkt. 134.)

The Clerk of the Court is respectfully directed to unseal document number 101, including all filed attachments, and document number 102, including all filed attachments.

SO ORDERED.

Dated: December 9, 2020
       New York, New York                    _____
                                             JOHN P. CRONAN
                                             United States District Judge